LESTER A. BRADFORD, Petitioner, *vs.* WILLIS PHILBRICK.

Waldo. Opinion April 28, 1902.

*Review. Exceptions.*

What facts are proved in a hearing upon a petition for review is solely for the determination of the presiding justice.

When the exceptions state that the presiding justice ruled as a matter of law, that upon the facts proved the petition could not be maintained, and fail to state what facts he found to be proved, there is nothing to show that the ruling is erroneous, or the petitioner aggrieved.

Exceptions, must contain within themselves a sufficient statement of the cause to show wherein the excepting party is aggrieved or they will be overruled.

Exceptions by petitioner. Overruled.

Petition for review.

The opinion states the case.

*Joseph Williamson,* for petitioner.

Where a petitioner for review stated that he intended to have made a defense in a former action, and that he was defaulted by accident, a review was granted. *Judd* v. *Buchanan,* 4 Mass. 579.

The granting of the petition is merely a determination that the petitioner shall not be precluded from making a defense to an action brought against him. *Coffin* v. *Abbott,* 7 Mass. 252.

Counsel cited: *Shurtleff* v. *Thompson,* 63 Maine, 118; *N. E. Mut. Accident Ass'n* v. *Varian,* 151 Mass. 17; *Thayer* v. *Goddard,* 19 Pick. 60; *Pickering* v. *Cassidy,* 93 Maine, 139.

*W. P. Thompson,* for defendant.

Counsel cited: *Ricker* v. *Joy,* 72 Maine, 106; *Boston* v. *Robbins,* 116 Mass. 313; *Sherman* v. *Ward,* 73 Maine, 29; *Berry* v. *Titus,* 76 Maine, 285; *Smith* v. *Smith,* 93 Maine, 253.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, PEABODY, JJ.

POWERS, J. Exceptions to the ruling of the presiding justice denying a petition for the review of two actions.

The exceptions simply state that the presiding justice ruled as a matter of law, that upon the facts proved the petition could not be maintained, and ordered it dismissed. What facts were proved was solely for the determination of the presiding justice, to which exceptions do not lie. *Moody* v. *Larrabee*, 39 Maine, 282. The exceptions fail to show what facts he found to be proved. There is nothing to show upon what facts he based his ruling, nothing to show that it was erroneous, and nothing to show that the petitioner was aggrieved. The petitioner has printed the evidence, but it is not made a part of the exceptions. And if it were, it would not show what facts the presiding justice found to be proved by it. Exceptions must contain within themselves a sufficient statement of the cause to show wherein the excepting party is aggrieved, or they will be overruled. *Allen* v. *Lawrence*, 64 Maine, 175. The petitioner should have incorporated in his exceptions the facts found by the presiding justice, so that it would affirmatively appear that he was aggrieved by the ruling.

*Exceptions overruled.*